# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBIN L. HIGGINS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ISLAMIC REPUBLIC OF IRAN, *et al.*, <br><br> Defendants. | Civil Action No. 99-377 (CKK) |

## MEMORANDUM OPINION
(April 21, 2008)

On March 27, 2008, Plaintiffs filed a [20] Motion for Supplemental Relief seeking "supplemental relief of entry of a judgment for punitive damages against defendants." Plaintiffs' Motion essentially seeks to alter this Court's September 21, 2000 Order entering a Final Judgment in this matter. *See* Docket No. [17]. Plaintiffs' Motion is premised upon Section 1083 of the National Defense Authorization Act for Fiscal Year 2008 (the "2008 Defense Authorization Act"), Pub. L. No. 110-181, 122 Stat. 3, which amended the Foreign Sovereign Immunities Act ("FSIA") by adding a new section, § 1605A, in Title 28 of the United States Code. The 2008 Defense Authorization Act was signed by President George W. Bush and enacted into law on January 28, 2008. As amended, 28 U.S.C. § 1605A, *inter alia*, creates a private, federal cause of action against a foreign state that is or was a state sponsor of terrorism, and provides that damages against the foreign state and its agents may include economic damages, solatium, pain and suffering, and punitive damages. 28 U.S.C. § 1605A(c).

Section 1083(c) of the 2008 Defense Authorization Act is entitled "Application to

Pending Cases" and provides that, upon motion by the plaintiffs, the amendments to the FSIA shall be given effect with respect to any action that (1) was brought under 28 U.S.C. § 1605(a)(7) before January 28, 2008; (2) relied upon 28 U.S.C. § 1605(a)(7) as creating a cause of action; (3) has been adversely affected on the grounds that 28 U.S.C. § 1605(a)(7) fails to create a cause of action against the foreign state; and (4) "as of [the] date of enactment [*i.e.*, January 28, 2008], is before the courts in any form, including on appeal or motion under rule 60(b) of the Federal Rules of Civil Procedure[.]" Pub. L. No. 110-81, Div. A., Title X, § 1083(c); 28 U.S.C. § 1605A Note.  Section 1083(c) thus provides that Section 1605A only applies to cases brought prior to January 28, 2008 if they meet the four requirements set forth above.

Plaintiffs' Motion glosses over the fourth requirement of Section 1083(c), *see* Pls.' Mot. at 6, by suggesting that this action "is currently pending before the Court as plaintiffs pursue attachment in aid of execution and execution of the September 21, 2002, judgment entered by the Court."  A review of that section's plain text reveals that the instant case falls outside of the category of pending cases as to which the FSIA amendments apply.  As noted above, the Court's September 21, 2000 Order entered a Final Judgment in this case.  Docket No. [17].  That Final Judgment was not appealed, and no motions or other matters were pending before the Court as of January 28, 2008, the date on which the National Defense Authorization Act for Fiscal Year 2008 was enacted.  Indeed, no motions were filed at all in this case during the interim between the September 21, 2000 Final Judgment and Plaintiffs' March 27, 2008 filing of their Motion for Reconsideration.  Plaintiffs' suggestion–that this case is currently pending because of the open-ended possibility of filing an attachment or executing the judgment in the future–is inconsistent with the statutory language that requires the case to be before the Court as of January 28, 2008. The Court therefore concludes that this case is outside the category of prior actions covered by

Section 1083(c) because it was not "before the courts in any form" as of January 28, 2008.

Accordingly, the Court shall deny Plaintiff's [20] Motion for Supplemental Relief. An appropriate Order accompanies this Memorandum Opinion.

Date: April 21, 2008

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge